UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

MARK P. MASELLI and
CURTIS D. STEVENSON,

        Plaintiffs,

v.

ZANETT, INC., DAVID M. MCCARTHY,
and PIERRE-GEORGES ROY_,

        Defendants.

and

FIFTH THIRD BANK,

        Trustee.

CIVIL ACTION No. 05 CV 11733 PBS

### EX PARTE EMERGENCY MOTION FOR APPROVAL OF ATTACHMENT ON TRUSTEE PROCESS

Plaintiffs Marc P. Maselli and Curtis D. Stevenson, pursuant to Mass. R. Civ. P. 4.2, move for attachment on trustee process of all monies unconditionally of Defendant's maintained at Fifth Third Bank to the extent of at least $220,000.00.

As grounds for this motion, the Plaintiffs state as follows.

1.     On or about December 1, 2005, Plaintiffs and Defendant executed a settlement agreement, a Consent to Judgment and Agreement to Judgment pursuant thereto. Copies of the Consent to Judgment and related Agreement for Judgment are attached here to the Affidavits of Marc P. Maselli and Curtis D. Stevenson as Exhibit A.

2.     The documents referenced above resolved claims asserted by Plaintiffs against Defendant Zanett, Inc. ("Zanett") in an action captioned, *Maselli and Stevenson v. Zanett, Inc.,*

B3145203.1

*McCarthy, and Roy*, U.S. District Court, District of Massachusetts, Civil Action No. 05 CV 11733 PBS. In that action, Plaintiffs' allegations included claims that substantial amounts of cash and stock were due to be paid by Zanett and that Zanett was disregarding those obligations.

3. In particular, the Federal Court complaint alleged the following:

   i. Pursuant to a Merger Agreement: (1) Zanett acquired at the closing of the Merger Agreement all of the stock of Back Bay Technologies, Inc. ("BBT") from Maselli and Stevenson; (2) Zanett promised to pay Maselli and Stevenson an aggregate of up to $1,250,000 in cash and 625,000 shares of Zanett common stock as deferred contingent consideration (the "Earn-Out") if BBT achieved certain earnings targets in the years subsequent to the closing, as specified in the Merger Agreement.

   ii. On January 14, 2005, Messrs. Maselli and Stevenson notified Zanett that BBT had satisfied all of the conditions for the third and final Earn-Out payment and demanded prompt payment of an aggregate of **$295,217 in cash and 147,608 shares of Zanett common stock** (such shares to be released from an escrow account established in connection with the 2001 closing of the Merger Agreement).

   iii. Months passed, and Zanett did not make the Earn-Out payment demanded by Plaintiffs in their January 14, 2005, notice. ***Instead, Zanett has proposed to pay Messrs. Maselli and Stevenson only a fraction of what they are owed and would only do this subject to a number of new and unreasonable conditions.***

(Emphasis added.) (A copy of this complaint is appended to the Affidavits of Messrs Maselli and Stevenson as Exhibit B.)

4. Pursuant to the Consent to Judgment, Messrs. Maselli and Stevenson compromised their right to collect $295,217 from Zanett and agreed to accept $250,000 instead in return for prompt payment of that amount. Under this agreement, Zanett was required to make wire transfers of $25,000.00 to each Plaintiff on or before the close of business on December 1, 2005 and December 15, 2005, and a wire transfer of $100,000.00 to each Plaintiff on or before

the close of business on December 30, 2005.

5.    While Zanett made the initial two wire transfers, the December 30, 2005 transfers were never made. Despite repeated demands, payment of the last wire transfers has not been made, leaving an unpaid obligation of $100,000 to each of the Plaintiffs. See Affidavits of Curtis D. Stevenson and Marc P. Maselli, ¶ 3.

6.    On or about January 3, 2006, Plaintiffs' counsel contacted counsel for Defendant, Jordan Hershman and Jordan Frank of Bingham McCutchen LLP, to inquire regarding the status of the payment due on December 30, 2005. No reply regarding the status of the payment has been received as yet from either counsel. See Affidavits of Curtis D. Stevenson and Marc P. Maselli, ¶4.

7.    On or about January 3, 2006, the Agreement for Judgment was filed with the United States Court for the District of Massachusetts. That Agreement for Judgment was endorsed by the Court and judgment entered for Messrs Maselli and Stevenson on or about January 5, 2006. See Exhibit C to Affidavits of Curtis D. Stevenson and Marc P. Maselli.

8.    On or about January 5, 2006, the President of Zanett, Claudio Guazzoni, acknowledged the payment due to the Plaintiffs had not been made. He added that the payments could not be made by Zanett at the present time. Mr. Guazzoni also stated that the Defendant was having financial difficulties and, as a result, its stock was in danger of being delisted by NASDAQ, the exchange on which it is currently traded under the symbol ZANE. See Affidavits of Curtis D. Stevenson and Marc P. Maselli, ¶6.

9.    Accordingly, Plaintiffs now seek authority to attach on trustee process personal property of Defendant, specifically those accounts maintained at Fifth Third Bank, ABA 042000314, where Defendant is identified by Customer ID No. 7021328344; those accounts

include but are not limited to the following:

      i. Zanett accounts: 0073090318, 0070448345, 07021327395 and 09990200579;

      ii. Zanett subsidiary Paragon Dynamics: accounts 07021327635 and 07021327213;

      iii. Zanett subsidiary InRange Consulting: accounts: 07021327577 and 07021328344.

      iv. Zanett subsidiary BBT: accounts 07021328286, 07021327452, and 07021327593;

      v. Zanett subsidiary Whitbread Technologies: accounts 07021329052 and 07021328930.

      vi. Zanett subsidiary Delta Communications: account 07021327338.

10. As grounds, the Plaintiffs state that the Plaintiffs have a Judgment against the Defendant for $250,000.00, entered by the United States District Court for the District of Massachusetts. See Exhibit C to Affidavits of Curtis D. Stevenson and Marc P. Maselli.

11. Additionally, under the terms of the Agreement for Judgment, Plaintiffs are entitled to recover their costs and reasonable attorneys fees incurred in any efforts to collect the Judgment, which Plaintiffs estimate to be $20,000 by the conclusion of their collection efforts.

12. Given Defendant's refusal to make payments, which required the filing of the action in Federal Court and the failure to comply with the subsequent settlement agreement, Defendant has demonstrated a propensity to avoid its legal obligations. Accordingly, it is necessary that the personal property of the Defendant held by Trustee be attached through trustee process, so as to safeguard Plaintiffs' recovery of its Judgment against the Defendant.

13. The attachment sought is not excessive. As explained above, the Judgment the Plaintiffs are currently due is for $200,000.00, even before the inclusion of attorneys' fees recoverable in this collection action under the Agreement for Judgment.

WHEREFORE, the Plaintiffs request that this Court authorize it to attach on trustee

process all monies unconditionally due Defendant from Fifth Third Bank to the extent of at least $220,000.00 (to the extent such personal property is not exempt under Mass. Gen. L. Ch. 235, § 34), with such attachment to be subject to all mortgages, liens, security interests or attachments previously levied thereon.

MARC P. MASELLI<br>
AND CURTIS D. STEVENSON,<br>
By their attorneys,<br>
<br>
_____<br>
Colin J. Zick, Esq., BBO #556538<br>
Ryan M. Cunningham, Esq., BBO #661440<br>
Foley Hoag LLP<br>
155 Seaport Boulevard<br>
Boston, MA  02210<br>
(617) 832-1000

Dated: January ___, 2006

### CERTIFICATION OF COUNSEL

Pursuant to Local Rule 7.1(A)(2), the undersigned certifies that on January 3, 2006, counsel for the Plaintiffs conferred with Jordan Hershman, Esquire, counsel for Defendants, in a good faith attempt to resolve the issues raised in this motion regarding collection of the referenced judgment, but has been unable to resolve those isseus.

Colin J. Zick