UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

MARK P. MASELLI and
CURTIS D. STEVENSON,

              Plaintiffs,

      v.

ZANETT, INC., DAVID M. MCCARTHY,
and PIERRE-GEORGES ROY,

              Defendants.

and

FIFTH THIRD BANK,

              Trustee.

CIVIL ACTION No. 05 CV 11733 PBS

## AFFIDAVIT OF MARC P. MASELLI

      I, Marc P. Maselli, having been first duly sworn, depose and say as follows:

      1.     On or about December 1, 2005, Plaintiffs and Defendant executed a settlement agreement, a Consent to Judgment and Agreement to Judgment pursuant thereto. Copies of the Consent to Judgment and related Agreement for Judgment are attached hereto as Exhibit A.

      2.     The settlement agreement reflected the settlement of claims by Plaintiffs asserted against Defendant Zanett, Inc. and others in an action captioned, *Maselli and Stevenson v. Zanett, Inc., McCarthy, and Roy*, U.S. District Court, District of Massachusetts, Civil Action No. 05 CV 11733 PBS. In that action, Plaintiffs' allegations included the following:

           i.     Pursuant to a Merger Agreement: (1) Zanett acquired at the closing of the Merger Agreement all of the stock of Back Bay Technologies, Inc. ("BBT")

Defendant's debt to Mr. Stevenson and me and I believe there to be none.

10.   Based on Defendant's repeated failures to pay amounts due to me and Mr. Guazzoni's statements regarding the financial status of Zanett, Inc., it is my opinion and belief that, if notified in advance of this motion for attachment on trustee process, Defendant would seek to immediately collect any funds that are due to it from the Trustees and deposit them in its bank accounts with Fifth Third Bank in the State of Ohio and/or withdraw funds maintained at that bank.

I declare under the penalty of perjury that the foregoing is true and correct.

Signed this 5th day of January, 2006.

Marc P. Maselli

EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

MARC P. MASELLI and
CURTIS D. STEVENSON,

        Plaintiffs,

        v.

ZANETT, INC., DAVID M. McCARTHY,
and PIERRE-GEORGES ROY,

        Defendants.

CIVIL ACTION No. 05-11733 PBS

## AGREEMENT FOR JUDGMENT

Plaintiffs Marc P. Maselli and Curtis D. Stevenson ("Plaintiffs") and Defendant Zanett, Inc. ("Zanett") agree to the entry of this Judgment ("Judgment") in the above-captioned matter (the "Civil Action") as against Zanett:

Plaintiffs take Judgment in the amount of $250,000 (the "Judgment") against Zanett, without costs or rights of appeal to any party.

Plaintiffs will be granted immediate execution on the full amount to the Judgment, to be ordered forthwith, with no rights of appeal or any right to a stay of execution for Zanett. The Judgment may be satisfied by any legal means, including but not limited to those means permitted by Rules 4.1 and/or 4.2 of the Massachusetts Rules of Civil Procedure. Plaintiffs also will be entitled to recover their costs and reasonable attorneys fees incurred in any efforts to collect the Judgment under the provisions of this paragraph. This Court shall retain jurisdiction over this matter until the collection of the full amount of the Judgment.

ASSENTED TO:

ZANETT, INC.

David M. McCarthy
Chief Executive Officer

Dated: _____ , 2005

ZANETT, INC.
By its attorney,

Jordan Hershman, Esq.
Bingham McCutchen LLP
150 Federal Street
Boston, MA 02110-1726

Dated: _December 1___ , 2005

ASSENTED TO:

_Marc Maselli_ (signature)

Dated: _December 1_____, 2005

Marc Maselli

_Curt Stevenson_ (signature)

Dated: _December 1_____, 2005

Curt Stevenson

**MARC P. MASELLI and**
**CURTIS D. STEVENSON,**

By their attorneys,

Colin J. Zick, Esq.
Mass. BBO #556538
Fed. Bar No. CT26374
email: czick@foleyhoag.com
Ryan M. Cunningham, Esq.
Mass. BBO #661440
email: rcunningham@foleyhoag.com
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA 02210-2600
(617) 832-1000

Dated: _____ _12 / 1_, 2005

- 2 -

## CONSENT TO JUDGMENT

1.     Pursuant to the Settlement Agreement entered into by the parties in <u>Marc P. Maselli and Curtis D. Stevenson v. Zanett, Inc., David M. McCarthy, and Pierre-Georges Roy,</u> United States District Court for the District of Massachusetts, Civil Action No. 05-11733 PBS (the "Civil Action"), Defendant Zanett, Inc. ("Zanett") has agreed to pay the Plaintiffs as follows:

      a.  Wire transfers of $12,500 to each Plaintiff on or before the close of business on December 1, 2005;

      b.  Wire transfers of $12,500 to each Plaintiff on or before the close of business on December 15, 2005; and

      c.  Wire transfers of $100,000 to each Plaintiff on or before the close of business on December 30, 2005.

The wire transfers shall be made pursuant to the instructions provided in the Settlement Agreement, the terms of which are incorporated herein by reference.

2.     This Consent to Judgment and the attached Agreement for Judgment shall be held in escrow by Colin J. Zick, counsel for the Former BBT Stockholders. Provided Zanett complies with all of the terms and conditions set forth in Paragraph 1 of this agreement, the Agreement for Judgment that is appended hereto shall not be filed in the Civil Action, and this Consent to Judgment and the Agreement for Judgment shall be deemed null, void and without legal effect or consequence. Within five days of Zanett's final payment of the Settlement Amount in accordance with Sections 1(a)(ii), 1(a)(iii), 1(b)(ii) and 1(b)(iii) of the Settlement Agreement, Colin J. Zick shall release the Consent to Judgment and Agreement for Judgment from escrow and deliver them to Jordan D. Hershman, counsel for Zanett.

3.     In the event Zanett does not comply with any of the terms and conditions set forth in Paragraph 1 of this agreement, then Colin J. Zick may release the Consent to Judgment and Agreement for Judgment from escrow and Plaintiffs may file the attached Agreement for Judgment in the Civil Action. To the extent Zanett has made any timely payments pursuant to the schedule set forth in Paragraph 1, those payments shall be credited by Plaintiffs toward satisfaction of the Judgment.

4.     This Judgment is a partial component of the consideration agreed to by the parties as part of their Settlement Agreement in the Civil Action. Satisfaction of the Judgment shall not constitute full and complete satisfaction of the obligations of any party under the Settlement Agreement.

ZANETT, INC.

David M. McCarthy
Chief Executive Officer

Dated: _____ __, 2005

Dated: _____ __, 2005          Marc Maselli, individually

Dated: _____ __, 2005          Curt Stevenson, individually

- 2 -

ZANETT, INC.

_____

David M. McCarthy
Chief Executive Officer

Dated: _____, 2005

Dated: ___December 1___, 2005

Marc Maselli, individually

_____

Dated: ___Ccenter 1___, 2005

Curt Stevenson, individually

- 2 -

EXHIBIT B

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS



MARC P. MASELLI and
CURTIS D. STEVENSON,

           Plaintiffs,

        v.

ZANETT, INC., DAVID M. McCARTHY,
and PIERRE-GEORGES ROY,

           Defendants.

CIVIL ACTION No. 05-CV-_____

05 - 11733 PBS

## COMPLAINT AND JURY DEMAND

Plaintiffs assert the following claims against Defendants:

### JURISDICTION AND VENUE

1.  This is a civil action for damages, injunctive relief, and declaratory relief pursuant to 28 U.S.C. § 2201.

2.  This court has jurisdiction under 28 U.S.C. § 1332, as the amount in dispute exceeds $75,000, exclusive of interest and costs, and the Plaintiffs and Defendants are citizens of different states.

3.  This court has personal jurisdiction over the Defendants, and venue in this district is proper under 28 U.S.C. § 1391 in that the acts complained of herein occurred or impacted this district.

### PARTIES

4.  Plaintiff Marc P. Maselli is a former stockholder of Back Bay Technologies, Inc. ("BBT").

5.  Plaintiff Curtis D. Stevenson is a former stockholder of BBT.

B3081863.2

6.     BBT was, for all times relevant to this Complaint, and continues to be based in Needham, Massachusetts.

7.     Defendant Zanett, Inc., which was formerly known as "Planet Zanett, Inc.," is a publicly traded Delaware corporation which has a place of business at 635 Madison Avenue, New York, New York 10022.

8.     Defendant David M. McCarthy is the Chief Executive Officer of Zanett, Inc.

9.     Defendant Pierre-Georges Roy is the Chief Legal Officer of Zanett, Inc.

## COUNT ONE
### BREACH OF CONTRACT

10.    Plaintiffs incorporate herein by reference each and every allegation contained in each paragraph above.

11.    Maselli, Stevenson, BBT, and Zanett, Inc. are parties to an Agreement and Plan of Merger dated as of December 7, 2001, as amended on March 24, 2003, and on December 22, 2003 (as amended, the "Merger Agreement"), a copy of which is appended hereto as Exhibit A.

12.    Pursuant to the Merger Agreement: (1) Zanett acquired at the closing of the Merger Agreement all of the stock of BBT from Maselli and Stevenson; (2) Zanett paid Maselli and Stevenson at the closing an aggregate of $1,500,000 in cash and 1,000,000 shares of Zanett common stock; and (3) Zanett promised to pay Maselli and Stevenson an aggregate of up to $1,250,000 in cash and 625,000 shares of Zanett common stock as deferred contingent consideration (the "Earn-Out") if BBT achieved certain earnings targets in the years subsequent to the closing, as specified in the Merger Agreement.

13.    On January 14, 2005, Messrs. Maselli and Stevenson notified Zanett that BBT had satisfied all of the conditions for the third and final Earn-Out payment and demanded prompt payment of an aggregate of $295,217 in cash and 147,608 shares of Zanett common stock (such

shares to be released from an escrow account established in connection with the 2001 closing of
the Merger Agreement).  See Exhibit B.

14.    More than seven months have passed, and Zanett has not made the Earn-Out
payment demanded by Plaintiffs in their January 14, 2005, notice.  Instead, Zanett has proposed
to pay Messrs. Maselli and Stevenson only a fraction of what they are owed and would only do
this subject to a number of new and unreasonable conditions.  See Exhibit C.

15.    Over the past seven months, Zanett has asserted no legal reason or defense as to
why the third Earn-Out payment should not have been paid to Messrs. Maselli and Stevenson
when it was initially due.

16.    By wrongly withholding and/or threatening to withhold payments owed to
Plaintiffs and failing to remove restrictions on the sale of their stock, Defendants have breached
the terms of the Merger Agreement.

17.    As a result of this breach, Plaintiffs have suffered harm, including substantial
damages.

### COUNT TWO
### VIOLATION OF UCC § 8-401 AND
### TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC RELATIONS

18.    Plaintiffs incorporate herein by reference each and every allegation contained in
each paragraph above.

19.    Zanett has taken actions to improperly prevent Messrs. Maselli and Stevenson
from selling shares of Zanett common stock that were previously issued to them.  On April 19,
2004, Maselli and Stevenson each attempted to sell 59,500 shares of Zanett common stock
through their respective brokers at Merrill Lynch in accordance with SEC Rule 144 and in
accordance with the Lock-Up Agreements that Zanett required Maselli and Stevenson to enter
into on December 7, 2001 (the "Lock-Up Agreements").  After Zanett initially refused to allow

Maselli and Stevenson to sell any shares, Mr. Roy sent letters to Zanett's transfer agent that authorized each of them to sell 15,000 shares (as opposed to 59,500). Shortly after Maselli and Stevenson sold 3,900 and 4,300 shares, respectively, Mr. McCarthy directed them to cancel their sell orders and transfer their shares to Garden State Securities, a brokerage firm that apparently has some connection to Zanett and/or its principals. Zanett subsequently prevented Maselli and Stevenson from selling the balance of their "unrestricted" shares at prices that on April 19, 2004 ran as high as $9.46 per share. As of August 17, 2005, the closing price of Zanett stock on NASDAQ was $3.75 per share.

20.     In the period from the time the Plaintiffs were prevented from selling their shares, Defendants McCarthy and Roy have, on information and belief, sold some of their own shares of Zanett stock.

21.     By wrongly failing to remove restrictions on the sale of their stock and other wrongful and/or intentional conduct, Defendants have violated Plaintiffs rights, including those under Section 8-401 of the Uniform Commercial Code, and tortiously interfered with Plaintiffs' economic relations and have personally benefited thereby.

22.     As a result of this unjustified and wrongful action, Plaintiffs have suffered harm, including substantial damages.

**COUNT THREE**
**BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**

23.     Plaintiffs incorporate herein by reference each and every allegation contained in each paragraph above.

24.     Defendants' failure to make the payments described above to Plaintiffs when those payments were due constitutes an ongoing breach of the implied covenant of good faith and fair dealing found in every contract, including the Merger Agreement.

B3081863.2                              - 4 -

25.    As a result of this breach, Plaintiffs have suffered harm, including substantial damages.

### COUNT FOUR
### MISREPRESENTATION

26.    Plaintiffs incorporate herein by reference each and every allegation contained in each paragraph above.

27.    At various times, Defendants represented to Plaintiffs that they would be able to sell their Zanett stock.  In particular, as discussed above, Mr. McCarthy directed the Plaintiffs to cancel their pending sell orders and transfer their shares to Garden State Securities, with the representation that Plaintiffs would be able to sell their shares thereafter.

28.    Mr. McCarthy was acting on behalf of the issuer of these securities (which was also a party to the Merger Agreement); he therefore had an obligation to Plaintiffs to be truthful in his statements.  However, Mr. McCarthy's representations on behalf of the issuer were false, as Plaintiffs were not and have not been able to sell the shares they transferred to Garden State Securities.

29.    As a result of these misrepresentations, Plaintiffs have suffered harm, including substantial damages.

### COUNT FIVE
### MASS. GEN. L. CHAPTER 93A

30.    Plaintiffs incorporate herein by reference each and every allegation contained in each paragraph above.

31.    Under Massachusetts law, a willful failure to pay amounts due in hopes of securing more favorable terms is an unfair business practice and subjects the wrongdoer to liability for multiple damages and attorneys' fees.  See Anthony's Pier Four, Inc. v. HBC Assocs., 411 Mass. 451, 473, 583 N.E.2d 806 (1991) ("[C]onduct 'in disregard of known

contractual arrangements' and intended to secure benefits for the breaching party constitutes an unfair act or practice"); Pepsi-Cola Metropolitan Bottling Co. v. Checkers, Inc., 754 F.2d 10, 17-19 (1st Cir. 1985) (Chapter 93A liability and treble damages exist where defendant withheld payments due under contract not because of dispute over liability or inability to pay but, rather, as "'wedge' against [plaintiff] 'to enhance [defendant's] bargaining power'").

32.    By knowingly and/or willfully failing to pay amounts due to Plaintiffs under the Merger Agreement and knowingly and/or willfully interfering with Plaintiffs' right to sell certain stock, Defendants have engaged in unfair and deceptive business practices.

33.    Defendants have engaged in trade or commerce within the meaning of Mass. Gen. L. ch. 93A through their dealings with Plaintiffs.

34.    Defendants' use of unfair and deceptive trade practices was a willful or knowing violation of Mass. Gen. L. ch. 93A, §§ 2 and 11.

35.    Defendants should be held jointly and severally liable to Plaintiffs for multiple damages and attorneys' fees incurred in collecting the amounts due them.

WHEREFORE, Plaintiffs pray judgment against the Defendants as follows:

1.    For damages in the amount of at least $75,000;

2.    For a declaration that Plaintiffs may sell those shares of stock that they are permitted to sell under the Merger Agreement and an injunction requiring Defendants to remove any restrictive legends from said stock;

3.    For Plaintiffs' costs in this action;

4.    For Plaintiffs' reasonable attorneys' fees in bringing and prosecuting this action;

5.    For multiple damages; and

6.    For such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury on all counts so triable.

> MARC P. MASELLI and
> CURTIS D. STEVENSON
>
> By their attorneys,
>
> Colin J. Zick (BBO #553583)
> FOLEY HOAG LLP
> 155 Seaport Boulevard
> Boston, MA 02210-2600
> (617) 832-1000
> (617) 832-7000 (facsimile)

Dated: August 22, 2005

EXHIBIT C

**Zick, Colin**

| | |
|---|---|
| **From:** | ECFnotice@mad.uscourts.gov |
| **Sent:** | Thursday, January 05, 2006 4:16 PM |
| **To:** | CourtCopy@mad.uscourts.gov |

**Subject:** Activity in Case 1:05-cv-11733-PBS Maselli et al v. Zanett, Inc. et al "Electronic Endorsement (non-order)"

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.**

### United States District Court

### District of Massachusetts

Notice of Electronic Filing

The following transaction was received from Patch, Christine entered on 1/5/2006 at 4:15 PM EST and filed on 1/4/2006

**Case Name:**      Maselli et al v. Zanett, Inc. et al
**Case Number:**    1:05-cv-11733
**Filer:**
**WARNING: CASE CLOSED on 12/05/2005**
**Document Number:**

**Docket Text:**
Judge Patti B. Saris : Electronic ORDER entered. ELECTRONIC ENDORSEMENT ordering [10] Agreement for Judgment filed by Marc P. Maselli,, Curtis D. Stevenson, (Patch, Christine)

The following document(s) are associated with this transaction:

**1:05-cv-11733 Notice will be electronically mailed to:**

Joshua Vitullo     joshua.vitullo@bingham.com

Colin J. Zick     czick@foleyhoag.com

**1:05-cv-11733 Notice will not be electronically mailed to:**